**IN THE COURT OF APPEALS OF IOWA**

No. 16-0987
Filed September 14, 2016

**IN THE INTEREST OF A.B.,**
**Minor child,**

**A.W., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Ringgold County, Monty W. Franklin, District Associate Judge.

A mother appeals the termination of her parental rights to her daughter. **AFFIRMED.**

Jane A. Orlanes of Orlanes Law Office, P.L.C., Clive, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Bryan J. Tingle of Tingle Law Office, Des Moines, guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her daughter, asserting the State failed to offer adequate reunification services, the State failed to prove the grounds for termination, and the court should not have found termination was in the best interests of the child. Because we agree with the district court that reasonable services were offered, the mother was afforded additional time, and termination was in the best interests of the child, we affirm.

## I. Background Facts and Proceedings.

The child, born November 2014, came to the attention of the Iowa Department of Human Services (DHS) when she was born with drugs (cannabinoids and THC) in her system. Although allowed to stay with the mother and the mother's paramour—then the presumed father[1]—a DHS check on the home just two months later revealed the home to be filthy and odious. Services were put into place, including evaluations for substance abuse and mental health and treatment programs for the mother. On February 4, 2015, DHS received a report the mother was "drug seeking"—that is, she was specifically requesting to be prescribed Vicodin, Tramadol, and Xanax. On February 13, 2015, the child was adjudicated in need of assistance. After the mother's paramour was arrested and incarcerated, the mother became homeless.

The mother voluntarily placed the child in family foster care on March 2, where the child remained throughout these proceedings. The mother began an inpatient substance abuse treatment program but was soon discharged for

---

[1] Later paternity testing confirmed the paramour was not the child's biological father. The identified father's rights were terminated, but he does not appeal.

noncompliance. A subsequent mental health evaluation noted a variety of personality concerns and recommended ongoing therapy. The mother was admitted to the House of Mercy in August 2015. Also in August, at the dispositional and permanency review hearing, the district court found the mother "has failed to progress in demonstrating appropriate parenting skills and has no stable home or means of financial support for her and the child." Although DHS was recommending terminating the mother's parental rights, the district court granted the mother an additional six months, noting the mother "potentially suffers from neurological issues that need to be assessed."

Both a psychosocial evaluation and neuropsychological evaluation concluded the mother suffers from a multitude of mental health problems, which make it very difficult for her to accept any need for change. The January 15, 2016 permanency review order continued to find a lack of progress by the mother in spite of her receipt of services since prior to the child's removal from the home. Thereafter, the State filed a petition to terminate the mother's parental rights, which came on for hearing on April 15. The court issued its order on May 27, 2016, terminating the mother's parental rights.

### II. Standard of Review.

Our review of termination proceedings is de novo, giving weight to the district court's fact findings but not being bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

### III. Statutory Grounds for Termination.

The mother asserts the State failed to prove the statutory grounds for termination under both Iowa Code section 232.116(1)(e) and (h) (2015). "When

the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774.

We turn to the district court's termination of the mother's rights under Iowa Code section 232.116(1)(h).[2] The first three elements of paragraph (h) are not in dispute; rather, the mother only maintains the State did not prove the fourth element by clear and convincing evidence—that the child "cannot be returned to the parent's custody as provided in section 232.102 at the present time." Iowa Code § 232.116(1)(h)(4). To satisfy its burden of proof under the fourth element, the State must establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." *See id.* § 232.102(5)(a)(2); *see also In re A.M.S.*, 419 N.W.2d 723, 725 (Iowa 1988).

Subsumed in the mother's argument that the child cannot be returned to her care is an assertion the State failed to provide her with adequate services by not allowing the child to be placed with her in the residential facility, in part faulting a communication breakdown between the facility and DHS. The child had one overnight visit with the mother in the facility, just prior to the termination hearing, with on-site supervision available. Nothing suggested the mother had made enough progress to have unsupervised visits, even after the district court afforded her eight months of additional time to work towards reunification. In particular, the psychosocial evaluation concluded the mother "is not ready to

---

[2] To terminate parental rights under Iowa Code section 232.116(1)(h), the State must establish the child (1) is three years old or younger, (2) has been adjudicated a child in need of assistance, (3) has been removed from the home for six of the last twelve months, and (4) cannot be returned to the parent's custody as provided in section 232.102 at the present time. Iowa Code § 232.116(1)(h)(1)–(4).

have her daughter return to her care. She should be viewed as high risk in any independent parenting role. [The mother's] pattern of aggressive and detached behavior is of significant concern given her daughter's young age and vulnerability." As noted in the DHS report to the court prepared just prior to the termination hearing, the mother was unable to retain parenting suggestions and information from one interaction to the next. We conclude the district court was correct in finding the State proved by clear and convincing evidence the child could not be returned to the mother at the present time. *See* Iowa Code § 232.116(1)(h)(4).

## IV. Best Interests.

We next consider the mother's argument that termination is not in the child's best interests. In doing so, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2). We may consider the length of time the child has been in the foster family, the integration of the child into that family and the "desirability of maintaining that environment and continuity for the child," supported by the record. *Id.* § 232.116(2)(b)(1). All of these considerations speak to the child's best interests as she has been removed from the mother's care since March 2, 2015, when she was just over three months old. She deserves the stability the pre-adoptive foster family has and is willing to continue to provide her.

**V.  Impediments to Termination.**

Finally, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory considerations set forth in section 232.116(3) should serve to preclude termination.  Although not stated as an issue in the mother's appeal, we agree with the district court no impediments to termination appear in this record.

We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**